**UNITED STATES, Appellee,**

v.

**Captain Harvey B. NELSON,
587–44–6872, United States
Army, Appellant.**

**CM 447802.**

U.S. Army Court of Military Review.

March 10, 1986.

Reconsideration Denied April 8th, 1986.

For appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Edwin D. Selby, JAGC, Captain H. Alan Pell, JAGC (on brief).

For appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Pursuant to his plea, appellant was convicted of two specifications of fraternization, one specification of conduct unbecoming an officer by engaging in sexual intercourse with the wife of a subordinate, and one specification of conduct unbecoming an officer by wrongfully endeavoring to fraternize by soliciting a male soldier of his command to arrange social engagements with an enlisted female soldier under his command, in violation of Articles 134 and 133, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 934 and 933 (1982), respectively. Appel-

lant was sentenced to dismissal and to forfeiture of all pay and allowances.

Appellant asserts that the convening authority erred by approving a sentence that included total forfeitures when confinement was not adjudged. Rule for Courts-Martial 1107(d)(2), Discussion, provides, in part, that:

When an accused is not serving confinement, the accused should not be deprived of more than two-thirds pay for any month as a result of one or more sentences by court-martial and other stoppages or involuntary deductions, *unless requested by* the accused.

(Emphasis added.)

This court recognizes that, although the discussion portion of the Manual for Courts-Martial, United States, 1984 [hereinafter cited as MCM], "does not have the force of law", it "may be used as secondary authority". MCM, App. 21, Introduction, A21–3. Unpublished opinions of this court have concluded that it generally is error to deprive an accused of more than two-thirds pay for any month, except as the above MCM Discussion provides. *See United States v. Nelson*, CM 446858 (A.C.M.R. 7 Aug. 1985) (unpub.); *United States v. Johnson*, CM 447090 (A.C.M.R. 20 Dec. 1985) (unpub.). However, this court has refused to grant relief in a *partial* forfeiture case which, although involving forfeitures in excess of the two-thirds limitation, was within the terms of a permissible sentence as contained in a pretrial agreement voluntarily entered between the accused and the convening authority. *United States v. Proctor*, CM 447120 (A.C.M.R. 19 Aug. 1985) (unpub.).

An accused is not required to use any special format for submitting a request to be deprived of more than two-thirds pay per month for any given month. There exists no fundmentally fairer procedure for submitting such a request than that of a formally-executed and court-examined pretrial agreement.[1] Thus, normally when an accused negotiates with a convening authority for a more severe forfeiture than that allowed by the Department of Defense policy, as reflected in the above MCM Discussion, this court will not interfere.[2]

However, the Eighth Amendment to the United States Constitution and Article 55, UCMJ, 10 U.S.C.A. § 855, both prohibit the infliction of cruel and unusual punishment. *See generally, United States v. Martinez*, 19 M.J. 744 (A.C.M.R.1984), *pet. denied*, 21 M.J. 27 (C.M.A.1985). It is *per se* cruel and unusual under contemporary standards of decency, within the meaning of *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958), to deprive an officer of all pay and allowances without either subjecting him to confinement or immediately releasing him from active duty (under conditions in which he is free to provide to the best of his ability for his own basic human needs).[3] *Cf. Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (If the totality of the circumstances establishes "unquestioned and serious deprivations of basic human needs," that is, a deprivation of "the minimal civilized measure of life's necessities," the Eight Amendment is violated).

An examination of the administrative orders pertaining to appellant, and

1. In his Offer to Plead Guilty, appellant agreed to plead guilty "provided that the convening authority will approve no sentence to confinement. All other punishment imposed may be approved."

2. Judge Carmichael is concerned that appellant could not reasonably anticipate this court's decision that the terms of his pretrial agreement would also constitute a request for an exception to the policy limiting forfeitures contained in RCM 1107(d)(2), Discussion. His concern is appreciated, but this opinion remains unaltered.

We will, however, publish this opinion to insure that our decision receives maximum distribution to judge advocate and other legal personnel. It is suggested, but not required that future pretrial agreements containing provisions for forfeitures in excess of the policy contained in RCM 1107(d)(2), Discussion, expressly request an exception to this policy.

3. An officer must pay for his food, uniforms, and quarters, normally using his military pay and allowances to do so.

duly included within the allied papers of the trial record, establish that appellant has been in a "voluntary excess leave" status for several months. An appellant in such a no-pay status is free to seek outside employment; however, an excess leave status—even an involuntary one—can be terminated virtually at will by appropriate military authority, and the appellant promptly returned to active duty. *See, e.g.,* 10 U.S.C. § 876a (Supp. I 1983); Army Regulation 630–5, Personnel Absences: Leaves, Passes, Permissive Temporary Duty, and Public Holidays, paras. 4–7a, 5–4d, 5–4g (C4, 15 Feb. 1982). Therefore, it is appropriate to reassess the sentence to guarantee that appellant will not hereafter be subjected to a return to active duty while laboring under a forfeiture of all pay and allowances.

The findings of guilty are affirmed.

Only so much of the sentence is affirmed as provides for dismissal and forfeiture of $1500.00 pay per month for 36 months.

CARMICHAEL, Judge, concurring in result:

Although I agree with the result reached by the Senior Judge in this case, I am troubled by his analysis. Specifically, I do not subscribe to the view that appellant, by agreeing to plead guilty if the convening authority would not approve a sentence to confinement, was *requesting* to be deprived of more than two-thirds of his monthly pay. While my learned colleague recognizes the applicable Department of Defense [hereinafter referred to as DOD] policy,[1] he reasons that it does not apply because this appellant, by the terms of his offer, requested that it not apply. Thus, even though the DOD policy would have assured that appellant received at least one-third of his pay for each month he continued his military service, the Senior Judge sees appellant's desire to avoid confinement as a request to remain on active duty with less than one-third of his pay or possibly no pay.

To me it is unclear why appellant made this seemingly absurd "request." However, I reject the notion that either appellant or his counsel could reasonably anticipate that the language quoted in the Senior Judge's opinion,[2] which was intended to keep appellant out of prison, would be construed by this court as a requested exception to the policy that convicted servicemembers remaining on active duty must receive at least one-third of their pay.

In my opinion, unless there is a *compelling* reason in law or equity for refusing to apply it, the DOD policy should be routinely applied to reduce forfeitures in cases like appellant's. If the policy is not applied by a convening authority in an appropriate case, then it should be applied by this court. Further, I believe this court is mistaken in construing standard quantum of punishment provisions as requests by accused to be exempted from a policy which does nothing but benefit them.

Accordingly, since I do not interpret the pretrial agreement in this case as a request by appellant to receive greater than two-thirds forfeitures, I would apply the pertinent DOD policy to reduce the forfeiture portion of appellant's sentence. With all due respect to the Senior Judge, under facts similar to these, I see no need to

1. The DOD policy, as set forth in Rule for Courts-Martial 1107(d)(2), Discussion, provides that when an accused is not serving confinement he should not be deprived of more than two-thirds of his pay for any month because of a court-martial sentence. However, the policy includes a phrase permitting an accused to request increased forfeitures ("the accused should not be deprived of more than two-thirds pay ... unless requested by the accused"), and it is this phrase that the Senior Judge focuses on in construing the quantum provisions of appellant's offer to plead guilty.

2. Appellant agreed to plead guilty to the offenses "provided that the convening authority ... [would] approve no sentence to confinement." This was followed by the statement that "[a]ll other punishment[s] imposed ... [could] be approved." Nowhere did appellant make reference to or otherwise acknowledge an awareness of the DOD policy which he now argues should be applied to reduce the forfeitures in this case.

 

resort to the Eighth Amendment of the United States Constitution or Article 55 of the Uniform Code of Military Justice.

ROBBLEE, Judge, concurring in result:

I am comfortable with the view that a pretrial agreement entered into knowingly, voluntarily, and intelligently should be construed as a "request" for approval of any adjudged punishment of forfeiture of pay and allowances in excess of that which otherwise could be approved under the policy contained in RCM 1107(d)(2), Discussion. In my view, it is not unreasonable that an appellant should be permitted to bargain for such a punishment cap by agreeing to submit to forfeitures in excess of those which would otherwise be imposable incident to Rule for Courts-Martial 1107(d)(2). Neither is it unreasonable that an appellant, having entered into such an agreement, should be required to meet its terms to the letter, absent extraordinary circumstances warranting an alternative disposition. Any other result would be to confer unwarranted windfalls and to reinforce irresponsibility in individuals needing it least.

Since extraordinary circumstances present themselves in the case at bar, that is, appellant could be involuntarily returned to duty in a no pay due status and due to the nature of the facts, sentence reassessment which includes consideration of Rule for Courts-Martial 1107(d)(2) is appropriate.