**UNITED STATES, Appellee,**

v.

**First Lieutenant Linda A. SPENNY, 312–68–1920, United States Army, Appellant.**

**CM 448335.**

U.S. Army Court of Military Review.

10 July 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, Captain David L. Carrier, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Howard G. Cooley, JAGC (on brief).

Before MARDEN, PAULEY and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

De GIULIO, Judge:

Appellant was tried by a military judge sitting as a general court-martial for fraternization, adultery and solicitation of a false official statement, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. She plead guilty only to the offense of adultery. She was found not guilty of fraternization, but guilty of adultery and solicitation of a false statement. Appellant was sentenced to a dismissal, total forfeitures and to be reprimanded. On 31 March 1986, this Court affirmed the findings of guilty and the sentence. On 21 April 1986, we granted a motion for reconsideration and motion to file an assignment of error and brief on behalf of appellant.

Appellant alleges that the military judge erred by assessing a sentence including total forfeitures when confinement was not adjudged and that the convening authority erred by approving such a sentence. We disagree and affirm.

In support of her allegations of error, appellant cites the Discussion of RCM 1107(d)(2);[1] *United States v. Worrell,* 3 M.J. 817, 825 (A.F.C.M.R.1977); *United States v. Mundy,* 44 C.M.R. 780 (N.C.M.R. 1971); *United States v. Nelson,* 22 M.J. 550 (A.C.M.R.1986). It is noted that appellant's assignment alleges error in two specific phases of the court-martial process. Firstly, it is alleged that the military judge

---

1. Discussion, RCM 1107(d)(2) provides, in part, "When an accused is not serving confinement, the accused *should not* be deprived of more than two-thirds pay for any month as a result of one or more sentences by court-martial ... unless requested by the accused." (Emphasis added).

erred by adjudging a sentence including total forfeitures when confinement was not adjudged. Secondly, that the convening authority erred by approving a sentence including total forfeitures when confinement was not adjudged. We can dispose of the first part of the allegation swiftly by noting that Rule for Courts-Martial 1107 appears in that portion of the Manual for Courts-Martial, 1984 [hereinafter cited as MCM, 1984] relating to action by the convening authority, not the sentencing authority. The rule is based upon paragraph 88*b*, Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter cited as MCM, 1969 (Rev.) ].[2] *See* page A21–74, Appendix 21, MCM 1984. Paragraph 88*b*, MCM 1969 (Rev.), also included a discussion of powers of the convening authority with respect to sentence rather than powers of the sentencing authority. We do not believe that either RCM 1107(d)(2) or its predecessor were intended to apply to restrict the court-martial in adjudging any sentence otherwise authorized. Thus, we find that a court-martial can adjudge more than forfeiture of two-thirds pay per month, where otherwise authorized, without regard to confinement adjudged.

With respect to the second part of the assignment of error, we believe that the convening authority can approve more than forfeiture of two-thirds pay per month where no confinement has been adjudged by a court-martial. We are also aware of the fact that this finding may be somewhat at odds with this Court's decision in *United States v. Nelson,* 22 M.J. 550. That case construed a pretrial agreement to be a request pursuant to the Discussion of RCM 1107(d)(2), to forfeit more than two-thirds pay per month [3] and also discussed other matters in the way of *obiter dicta.* Specifically, we interpret the dicta in *Nelson* to indicate that it is improper for the convening authority to approve a forfeiture of all pay and allowances where the accused is subject to return to active duty and that it is *per se* cruel and unusual punishment to deprive an officer of all pay and allowances without either subjecting him to confinement immediately or releasing him from active duty.[4]

We have noted that the Discussion to RCM 1107(d)(2) and its predecessor, paragraph 88*b*, MCM 1969 (Rev), use the word "should" in their construction. "Should" ordinarily implies duty or obligation; although usually no more than an obligation of propriety or expedience, or a moral obligation. Black's Law Dictionary 1237 (5th ed. 1979). In other words, the term is permissive and not mandatory. *See* 39 Words & Phrases 70. Further, paragraph 88*b*, MCM 1969 (Rev.), required the convening authority to consider that an accused should not be deprived of more than two-thirds pay per month when confinement is not adjudged.[5] Thus, even under MCM 1969 (Rev.) it is questionable whether the provision was mandatory. Further, the re-

2. Paragraph 88, MCM, 1969 (Rev.), provided in pertinent part, "POWER OF THE CONVENING AUTHORITY WITH RESPECT TO SENTENCE."

....

"b. *Determining what sentence should be approved.*"

....

"The convening authority will consider in taking action that an accused who is not serving confinement should not be deprived of more than two-thirds of his pay for any month as a result of one or more sentences by court-martial or other stoppages or deductions unless requested by the accused."

3. In the *Nelson* case, appellant's pretrial agreement provided for no confinement but that all other punishment imposed could be approved.

4. While *United States v. Jobe,* 27 C.M.R. 350, 353 (C.M.A.1959), indicates it *might possibly* be cruel and unusual punishment to impose forfeitures of all pay and allowances upon an accused who is required to continue service for a substantial period of time, *United States v. Podmajerski,* 29 C.M.R. 638, 643 (A.B.A.1960), held that it is not a *per se* rule and that factors such as the accused's private resources, length of time of application of forfeitures, release from service, and whether accused was in confinement must be considered. In current context, whether the accused is on excess leave is another factor to be considered. We question whether this Court should become involved in the administrative consequences of a sentence.

5. *See supra* note 2.

quirement for the convening authority to consider the deprivation of more than two-thirds pay per month was deleted from the text of the present MCM and the remainder of the statement was placed in the Discussion to RCM 1107(d)(2). The discussions contained in the 1984 Manual are supplementary materials, do not constitute the official views of the Department of Defense, do not constitute rules, are not binding on any authority, and failure to comply with matter contained in them does not, of itself, constitute error. *See* Discussion to paragraph 4, Part I, Preamble, MCM 1984. We interpret moving the location of the statement from the body of the Manual (now RCM) to the Discussion as a clear indication of intent to decrease the import of the statement. Consequently, we conclude that the convening authority is not bound by the statement in the Discussion.

In *United States v. Mundy*, 44 C.M.R. 780 (N.C.M.R.1971), it was held "incorrect" and "contrary to policy" for the convening authority to approve application of total forfeitures where no confinement was adjudged. The origin of the policy was indicated in *United States v. Worrell*, 3 M.J. 817 at 825 (A.F.C.M.R.1977), when it was stated that, "[T]he forfeiture of all pay and allowances in the absence of confinement is contrary to *the policy expressed in paragraph 88b of the Manual for Courts-Martial.*" (Emphasis added). We believe that it is important to emphasize that *Mundy* and *Worrell* were decided under the provisions of MCM 1969 (Rev.). Assuming arguendo, that it was a policy to preclude a convening authority from approving a forfeiture of more than two-thirds pay per month when confinement was not adjudged, we believe that policy was discarded by placing the revised statement in the Discussion to RCM 1107(d)(2). We hold, therefore, that a convening authority is not bound by the statement in the Discussion and may approve a sentence which includes more than two-thirds pay per month when confinement is not adjudged.

We have also considered the issue personally specified by appellant and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge MARDEN and Judge PAULEY concur.