**UNITED STATES, Appellee,**

v.

**Specialist Four Ronald B. HICKS, 585–29–1259, United States Army, Appellant.**

**ACMR 8800379.**

U.S. Army Court of Military Review.

16 Aug. 1988.

For appellant: Colonel John T. Edwards, JAGC, Lieutenant Colonel Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Margaret A. Schuyler, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

On 24 February 1988, appellant was tried by a military judge sitting as a general court-martial at Fort Hood, Texas. Pursuant to his pleas, he was convicted of larceny, a violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, total forfeitures, and reduction to Private E–1. Pursuant to the terms of a pretrial agreement, the convening authority approved the sentence, but suspended for one year the execution of that part of the sentence adjudging confinement.

In the instant case, the appellant's offer to plead guilty provided, *inter alia*, that, in the event a punitive discharge was adjudged, the convening authority would "approve no sentence in excess of a bad-conduct discharge, confinement as adjudged, with all confinement to be suspended for a

period of one year, forfeiture of all pay and allowances, and reduction to the grade of Private E–1." Appellant also agreed that he would immediately request to be placed on voluntary excess leave which would be converted to involuntary excess leave at the time of approval of the punitive discharge. After announcement of the sentence, the military judge discussed the quantum portion of the pretrial agreement with appellant and counsel, and ascertained that under the terms of the pretrial agreement appellant would not be confined prior to the action by the convening authority suspending confinement. Shortly after the trial, the sentence to confinement was deferred and appellant was placed on excess leave. In accordance with the pretrial agreement, the convening authority in his action approved the adjudged sentence, and suspended all confinement for one year.

■ This court requested counsel to brief whether the convening authority erred by approving a sentence including forfeiture of all pay and allowances when the adjudged confinement had been approved then suspended for one year. *Cf. United States v. Warner*, 25 M.J. 64 (C.M.A.1987) (error to approve total forfeitures when confinement not adjudged). In their answer to the specified issue, appellate defense counsel take the position that appellant's prime objective was to avoid confinement and that the pretrial agreement amounted to a request that he receive no pay and allowances while waiting for the suspension of his confinement to expire.[1] Appellate defense counsel contend that to hold otherwise would hinder an accused's bargaining position with a convening authority and would be too awkward and inconsistent when proposing such a unique bargain as the one in the instant case to require that appellant also request that his forfeitures be limited to two-thirds of his pay. Government appellate counsel assert that the pretrial agreement amounted to a request by appellant for total forfeitures within the meaning of the discussion section of Manual for Courts–Martial, United

---

1. *See* Department of Defense Military Pay and Allowances Entitlements Manual, para. 10306 ("Members on excess leave are not entitled to pay and allowances.") (Jan. 1, 1967).

States, 1984, Rule for Courts–Martial 1107(d)(2) discussion [hereinafter M.C.M. or Manual and R.C.M. 1107(d)(2), respectively]. Both parties submit that the convening authority did not err in approving total forfeitures even though appellant was not serving any sentence to confinement.[2] We find these arguments unpersuasive and contrary to Department of Defense policy and the customs of the service applied by the appellate courts for trials by courts-martial.

■ The guidance provided by the Manual for Court–Martial, Department of Defense policy, and case law lead us to conclude that, as a general rule, a soldier should not be subjected to forfeitures of all pay and allowances unless confinement, unsuspended, has been approved. The discussion to R.C.M. 1107(d)(2) states: "[w]hen an accused is *not serving confinement,* the accused should not be deprived of more than two-thirds pay for any month as a result of one or more sentences by court-martial ... unless requested by the accused" (emphasis added). *Accord* Manual for Courts–Martial, United States, 1969 (Rev. ed.), para. 88*b*, 88*d* (3), and 88*e* (1) [hereinafter M.C.M., 1969].[3] In *United States v. Warner,* 25 M.J. 64, the Court of Military Appeals declined to affirm a sentence which imposed total forfeitures when confinement had not been adjudged even though the accused was in an excess leave status and was not receiving any pay and allowances. See, also *United States v. Spenny,* 25 M.J. 237 (C.M.A.1987) (summary disposition), *affirming in part,* 22 M.J. 844 (A.C.M.R.1986) (the Court of Military Appeals, citing *United States v. Warner,* 25 M.J. 64, amended the accused's sentence from total forfeitures to "forfeiture of two-thirds pay per month" after this court had

concluded that the language in the discussion of R.C.M. 1107(d)(2) was not binding and that a sentence which included more than two-thirds pay per month when confinement was not adjudged could be approved); *United States v. Shufelt,* 25 M.J. 395 (C.M.A.1987) (summary disposition) (sentence to forfeitures in excess of two-thirds pay per month reversed where no confinement was adjudged); *accord United States v. Theriot,* 25 M.J. 390 (C.M.A. 1987) (summary disposition).

■ On the trial record before us, it is clear that the appellant initiated the plea agreement and proposed the specific terms under review. However, we decline to hold that appellant's pretrial agreement which provides for suspension of confinement and approval of "forfeiture of all pay and allowances" by the convening authority was sufficient, in and of itself, to amount to a "request" by appellant that he be permitted to remain on active duty in a non-pay status. *United States v. Warner,* 25 M.J. at 66 n. 3; *See United States v. Nelson,* 22 M.J. 550, 552 (A.C.M.R.1986) (Carmichael, J., concurring in result). The pretrial agreement normally provides a limit on the sentence that the convening authority will approve in exchange for an accused's plea of guilty to the charges. A convening authority is not prohibited from approving a sentence below the set ceiling. The plain meaning of the language "[w]hen an accused is not serving confinement," leads us to conclude that the discussion of R.C.M. 1107(d)(2) encompasses the situation where an accused's sentence to confinement has been approved but suspended. *Cf. United States v. Warner,* 25 M.J. at 66 n. 2. (The language in the discussion of R.C.M. 1107(d)(2) does not clearly indicate whether it refers to someone who has never been

---

**2.** The fact that appellant was placed on excess leave shortly after trial does not make the issue raised by this court moot. "[T]he potential harm of being 'subject to return to active duty while laboring under a forfeiture of all pay and allowances' suffices to make justiciable the issue before us." *United States v. Warner,* 25 M.J. 64 (C.M.A.1987).

**3.** *Cf.* Department of Defense Military Pay and Allowances Entitlements Manual, para. 70505c

("Forfeitures may not be applied to pay and allowances when a sentence of a court-martial as lawfully adjudged and approved includes no confinement, or confinement suspended or deferred.") and para. 70508d (A member under a sentence to total forfeiture, who is released from confinement and restored to duty, "is entitled to pay and allowances from the date restored to duty and the forfeiture becomes inoperative thereafter." (Jan. 1, 1967).

sentenced to confinement or also includes someone who has completed his sentence to confinement).

■ Even accepting that the provision in the pretrial agreement permitting the convening authority to approve forfeitures of all pay and allowances without service of confinement "was a freely conceived defense product" as part of the plea negotiation process, *see United States v. Zelenski,* 24 M.J. 1, 2 (C.M.A.1987) (quoting *United States v. Schmeltz,* 1 M.J. 8, 12 (C.M.A. 1975), *rev'd on other grounds,* 1 M.J. 273 (C.M.A.1976)), the military judge must not only determine whether the provision was a "request" within the meaning of R.C.M. 1107(d)(2), but also must explain to the accused the ramifications of such a request.

> [T]he trial judge must shoulder the primary responsibility for assuring on the record that an accused understands the meaning and effect of each condition as well as the sentence limitations imposed by any existing pretrial agreement. Where the plea bargain encompasses conditions which the trial judge believes violate either appellate case law [or] public policy, ... he should, on his own motion, strike such provisions from the agreement with the consent of the parties.

*United States v. Green,* 1 M.J. 453, 456 (C.M.A.1976), *quoting United States v. Elmore,* 1 M.J. 262, 264 (C.M.A.1976) (Fletcher, C.J., concurring). Trial judges must "police the terms of pretrial agreements to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness." *United States v. Green,* 1 M.J. at 456. *See United States v. Jones,* 23 M.J. 305, (C.M.A.1987) (military judge should establish on the record that provision in a pretrial agreement in which an accused waives certain rights voluntarily originated from the accused and was a freely conceived defense product). *See also* R.C.M. 910(f)(4)(A) (the military judge must ensure that an accused understands the agreement).

■ In the instant case, the military judge never inquired whether appellant meant for the pretrial agreement to amount to a "request" for total forfeitures even if he were returned to active duty. In the event that a standard quantum provision which allows a convening authority to approve total forfeitures is construed to be a request by an accused for total forfeitures while not serving confinement, we would require an adequate explanation on the record, and an express acknowledgment by an accused of his understanding of the effect of such a request and whether he intended the consequences thereof. We are not satisfied that the appellant understood by offering the plea agreement, he was giving up the safeguards recognized in military law. We will not presume waiver from a silent record. *See United States v. Harris,* 26 M.J. 729, 733 (A.C.M.R.1988). In any event, it has long been the position of this court that any ambiguity in the interpretation of a pretrial agreement must be resolved in the favor of the accused to insure fundamental fairness. *See, e.g., United States v. Sercey,* 47 C.M.R. 955 (A.C.M.R.1973).

■ While we may have been inclined to give effect to the Manual language "unless requested by the accused," to mean that an accused as part of the give and take of the plea bargaining process, could "request" more than the forfeiture of two-thirds pay but less than total forfeitures, we are bound by the precedent set forth by the Court of Military Appeals in *United States v. Warner* and the subsequent summary dispositions. The summary disposition of a case by a higher court constitutes a ruling on the merits and as such is binding on lower reviewing authorities. *See Hicks v. Miranda,* 422 U.S. 332, 343–345, 95 S.Ct. 2281, 2289–90, 45 L.Ed.2d 223 (1975). *See also United States v. Dixson,* 9 M.J. 72 (C.M.A.1980) (Cook, J., dissenting) (declaration of principle in summary form has precedential value). A Court of Military Review is not generally free to ignore precedent established by the Court of Military Appeals, *United States v. Jones,* 23 M.J. 301 (C.M.A.1987), and when approving a sentence, the convening authority, like this court, cannot ignore the

**940**

guidance provided by military policy and the customs of the service. *See also United States v. Bomblosky*, 9 C.M.R. 342 (A.B. R.1952) (while legally permissible, it was contrary to custom and policy to approve total forfeitures while suspending the discharge where no confinement was adjudged or was suspended); *United States v. Worrell*, 3 M.J. 817, 825 (A.F.C.M.R. 1977) (forfeiture of all pay and allowances where no confinement is adjudged violates the policy of M.C.M., 1969, para. 88*b*[4]); *United States v. Mundy*, 44 C.M.R. 780 (N.C.M.R.1971) (total forfeitures without confinement is contrary to public policy). Therefore, we hold that the convening authority erred by approving total forfeitures when appellant's sentence to confinement was suspended.[5]

On consideration of the entire record, including consideration of the issues personally specified by the appellant, the findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for bad-conduct discharge, confinement for four months (as suspended by the convening authority), forfeiture of $447.00 pay per month for four months, and reduction to Private E–1.

Judge LYMBURNER and Judge SMITH concur.

---

4. "The convening authority will consider in taking his action that an accused who is not serving confinement should not be deprived of more than two-thirds of his pay for any month as a result of one or more sentences by court-martial or other stoppages or deductions, unless requested by the accused."

5. To the extent that this court's decisions in *United States v. Nelson*, 22 M.J. 550 (A.C.M.R. 1986) and *United States v. Spenny*, 22 M.J. 844 (A.C.M.R.1986), *rev'd in part*, 25 M.J. 237 (C.M. A.1987) (summary disposition) are inconsistent with our opinion, for the reasons stated herein we decline to follow them.