**UNITED STATES, Appellee,**

v.

**Sergeant First Class Ronald Q. SANTIAGO, 586–03–8543, United States Army, Appellant.**

**ACMR 8800904.**

U.S. Army Court of Military Review.

30 Nov. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Brian D. Bailey, JAGC, Captain Harry C. Wallace, Jr., JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC (on brief).

Before FELDER, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GIUNTINI, Judge:

Appellant was tried by a general court-martial consisting of officer and enlisted personnel. Pursuant to his plea, he was found guilty of one specification of bribery in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). He was sentenced to a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence. Appellant alleges the convening authority erred by approving a sentence including total forfeitures when confinement was not adjudged.

Appellant's pretrial agreement provided that any punitive discharge adjudged would be mitigated by the convening authority to twelve months of confinement. The only other limitation was to disapprove any confinement in excess of twenty-four

months. After sentence was announced, the military judge ascertained that all parties understood and agreed that the convening authority "will be obliged to change the bad-conduct discharge adjudged to 12 months confinement ... [h]e may then ... approve the entire sentence ... that is ... confinement for 12 months, forfeiture of all pay and allowances, and reduction to Private El." No other pertinent provisions were discussed.

On 11 May 1988, the staff judge advocate's recommendation was signed and served on the trial defense counsel. The staff judge advocate recommended the convening authority approve the adjudged sentence but, in accordance with the pretrial agreement, that he mitigate the bad-conduct discharge to confinement for twelve months. On 19 May 1988, the defense counsel signed and submitted a document addressed to the convening authority, entitled, "Matters Submitted By The Accused." In the opening paragraph it states:

> By operation of the pre-trial agreement, you have agreed to mitigate the punitive discharge to twelve months confinement. You may approve all other lawfully imposed punishment. The defendant requests that instead of implementing the pre-trial agreement mitigation, you approve the sentence of the court-martial as adjudged.

The remainder of the document is a well thought-out and advocated statement of reasons why it would be to the government's advantage to grant the defense's request to approve the adjudged sentence. The submission concludes with a statement that:

> It is SFC Santiago who asks for this punishment. He has been fully briefed as to all the pertinent aspects of his decision. He bases his request on the expressed wishes of his wife, his daughter, and his own personal feeling as to his ability in light of his age and health to endure to (sic) rigors of confinement.... In light of these matters the defense respectfully requests that you approve the sentence as adjudged.

On 20 May 1988, the convening authority approved the adjudged sentence of a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to Private El. The appellant, on 23 May 1988, executed a sworn statement in which he verified that he told his defense counsel on the day after trial that he "preferred to accept the BCD, because by the sentence of the court-martial there would be no confinement." The appellant also acknowledges in the sworn statement that his defense counsel notified him that his "request for the BCD was approved on Friday, 20 May 1988."

The Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 1107(d)(2), discussion provides, in part, that:

> When an accused is not serving confinement, the accused should not be deprived of more than two-thirds pay for any month as a result of one or more sentences by court-martial and other stoppages or involuntary deductions, *unless requested by* the accused (emphasis added).

In *United States v. Warner*, 25 M.J. 64 (C.M.A.1987), the court discussed the advisory nature of the "discussion" portion of the Rules for Courts–Martial, and the use of the word "should" in the discussion of R.C.M. 1107(d)(2) as arguably being precatory only, but then made clear that it is error to approve a sentence of total forfeitures when confinement is not part of the approved sentence.

In the instant case, appellant argues that because, ultimately, there was no approved sentence to confinement, it was error for the convening authority to approve that portion of the sentence which includes total forfeitures. The government responds that appellant, in his post-trial submissions, requested total forfeitures within the meaning of the discussion to R.C.M. 1107(d)(2), and thus it was not error when the convening authority approved total forfeitures in this case.

Most pretrial agreements do not contain terms which specifically address possible forfeitures in excess of the policy contained in R.C.M. 1107(d)(2). In *United States v.*

*Nelson,* 22 M.J. 550 (A.C.M.R.1986), the accused was sentenced to dismissal and total forfeitures. The accused had offered to plead guilty provided the convening authority would approve no sentence to confinement; the agreement also stated that "[a]ll other punishment imposed may be approved." Two of the three judges in *Nelson* were willing to construe those terms in the pretrial agreement as a "request" for approval of any adjudged punishment of forfeiture of pay and allowances in excess of the two-thirds limitation in the rule.[1] However, in *United States v. Warner,* 25 M.J. at 66 n. 3, Chief Judge Everett, in dicta, agreed with the third judge in *Nelson,* expressing "some doubts" about interpreting such terms in a pretrial agreement as a "request" for forfeitures in excess of those ordinarily allowed by the rule. *See United States v. Hicks,* 26 M.J. 935 (A.C.M.R.1988) (pretrial agreement which provided for suspension of confinement and approval of total forfeitures was not sufficient to constitute a "request" in the sense of R.C.M. 1107(d)(2)).

 An accused is not required to use any particular format in requesting forfeitures in excess of two-thirds of pay per month.[2] The request may be submitted by the accused, or his defense counsel, before or after trial. In our view, such a request must expressly state that it is a request for exception to the policy in R.C.M. 1107(d)(2), or the record must otherwise affirmatively demonstrate that the request was made in contemplation of the rule. Any doubts must be resolved in favor of the conclusion that this court should not affirm as appropriate a sentence which imposes forfeitures in excess of two-thirds of pay per month, when confinement has not been adjudged.

 Defense counsel who request "excess forfeitures" in contemplation of R.C. M. 1107(d)(2) should expressly refer to the rule, whether the request is part of an offer to plead guilty or in some other document; trial counsel who are confronted with a request which does not clearly say that it is in contemplation of the rule should seek clarification from the defense counsel.[3] This court should not have to routinely search the record for evidence which affirmatively demonstrates that an accused's submission to the convening authority regarding forfeitures in excess of two-thirds of pay per month was a request made in contemplation of the policy in R.C. M. 1107(d)(2), discussion.

 In the instant case, the appellant asked the convening authority to approve the sentence "as adjudged." However, there is no hint of recognition of the rule or its policy in either the defense counsel's submission or the appellant's sworn statement. A review of the record does not affirmatively demonstrate that the appellant's request was made in contemplation of R.C.M. 1107(d)(2). Under the circumstances, the sentence to total forfeitures cannot be approved.

The findings of guilty and only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $447.00 [4] pay per month for twelve months, and reduction to Private E1 are affirmed.

Senior Judge FELDER and Judge GILLEY concur.

---

1. In his lead opinion in *Nelson,* Senior Judge Raby suggested that future pretrial agreements containing provisions for forfeitures in excess of the policy in R.C.M. 1107(d)(2), discussion, expressly request an exception to the policy. *United States v. Nelson,* 22 M.J. at 551 n. 2.

2. *United States v. Nelson,* 22 M.J. at 551.

3. If a "request" is submitted as part of a pretrial agreement, then the military judge would be

obligated to establish that fact on the record and explain to the accused the ramifications of the request. *See United States v. Hicks,* 26 M.J. at 939.

4. Appellant's base pay as an E1 would be $671.40.