UNITED STATES, Cross-Appellee

v

ESIQUIO VILLA, III, Private E–2, U. S. Army, Cross-Appellant

10 USCMA 226, 27 CMR 300

No. 12,586

Decided February 13, 1959

*First Lieutenant Branson H. Moore* argued the cause for Cross-Appellant, Accused. With him on the brief were *Colonel James Garnett* and *Captain Arnold I. Melnick*.

*Major Thomas J. Nichols* argued the cause for Cross-Appellee, United States. With him on the brief were *First Lieutenant Jay D. Fischer* and *First Lieutenant George J. Miller*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Before a general court-martial the accused pleaded guilty to wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for one year. A divided board of review held that the law officer gave the court-martial erroneous and prejudicial instructions with respect to the sentence it could impose. Consequently, it set aside the sentence and ordered a rehearing thereon. Pursuant to Article 67(b)(2) of the Uniform Code, supra, 10 USC § 867, General Charles L. Decker, the Acting The Judge Advocate General of the Army has referred the case to this Court for consideration of the following issue:

"Was the board of review correct in determining that it was prejudicial error to instruct the court members that they could not adjudge total forfeitures should they sentence the accused to less than a punitive discharge?"

After receiving evidence in mitigation on behalf of the accused, the law officer instructed the court-martial on the matters it could consider in imposing punishment. He advised it that the maximum sentence was a dishonorable discharge, total forfeitures, and confinement at hard labor for five years. He also told the court it was "not restricted" to that sentence, but in its discretion it could impose any punishment "not forbidden by the Code." He explained that instruction as follows:

". . . By that, I mean you may impose a sentence greater than six months without imposing a punitive discharge, but you cannot impose a sentence in excess of five years confinement at hard labor in this case, regardless of whether you impose a punitive discharge or not. *By the same token, should the accused be sentenced to less than a punitive discharge, you cannot adjudge total forfeitures.*" [Emphasis supplied.]

Continuing his instructions, the law officer informed the court-martial that it alone had the responsibility of determining an appropriate sentence. He told it that it could consider, among other things, the absence of previous convictions and the fact that the accused

entered a plea of guilty which could be considered as a "manifestation of repentance and a first step toward rehabilitation." No exceptions were taken to the instruction, and there was no request for additional instructions by counsel or the court members.

The board of review held that under our decision in United States v Varnadore, 9 USCMA 471, 26 CMR 251, the italicized part of the quoted instructions is error. In *Varnadore* we determined that, under the Uniform Code, a court-martial could impose a sentence to confinement in excess of six months without also adjudging a punitive discharge. We, therefore, held that it was prejudicial error for the law officer to instruct the court-martial, in response to a specific question by it, as to whether it could adjudge confinement at hard labor for one year without a dishonorable discharge that "[a]ny period of confinement greater than six months without being accompanied by a punitive discharge is an illegal sentence." The situation in the *Varnadore* case is quite different from that in the instant case. In *Varnadore* the record indicated that the court-martial would not have adjudged a punitive discharge but for the erroneous instruction. Here, the court-martial was informed that it was "forbidden by the Code" to adjudge total forfeitures if it decided to impose a sentence less than a punitive discharge. There is no provision in the Uniform Code directly prohibiting a general court-martial from imposing total forfeitures in the absence of a punitive discharge, although there is such a limitation set out in paragraph 127*b* of the Manual for Courts-Martial, United States, 1951. That paragraph provides as follows:

> "A court shall not, by a single sentence which does not include dishonorable or bad conduct discharge, adjudge against an accused:
>
> > Forfeiture of pay at a rate greater than two-thirds of his pay per month.
> >
> > Forfeiture of pay in an amount greater than two-thirds of his pay for six months."

Technically, the law officer's reference to the Uniform Code is erroneous. But if the Manual limitation is valid, the error as to the source of the limitation is patently not prejudicial. From one point of view, the Manual provision may be construed as prescribing a mandatory minimum according to which the court-martial must adjudge a punitive discharge if it desires to impose total forfeitures. So construed, the provision would be contrary to the Uniform Code, in that the President has no authority to establish minimum sentences, as distinguished from maximum sentences. Article 56, Uniform Code of Military Justice, 10 USC § 856. We need not, however, determine whether this is the intention of the Manual. The instruction here conveys an opposite idea. According to its language, the court-martial had *first* to sentence the accused "to less than a punitive discharge," before it could consider the extent of the forfeitures. Only then would the supposed limitation of the Code come into operation. Unlike the Manual provision, the instruction in no way suggests that if the court-martial decided to impose total forfeitures, it had to include a punitive discharge to give legal effect to its judgment. Nor is there anything in the record of trial which even hints at the fact that the court-martial was considering a sentence of total forfeitures without the imposition of a punitive discharge. See United States v Horowitz, 10 USCMA 120, 27 CMR 194. Under the circumstances, therefore, the instructions did not in any way mislead the court-martial to the accused's prejudice. We conclude that the board of review erred in its decision.

Shortly before the case came on for hearing, the accused filed a petition for grant of review. We have considered it carefully and find no merit in it. Accordingly, the petition is denied.

The certified question is answered in the negative. The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Army for resubmission to a board of review for further proceedings consistent with this opinion.

Judge FERGUSON concurs in the result.

LATIMER, Judge (concurring in the result):

I concur in the result.

As the principal opinion points out, the questioned instruction could not have had any prejudicial impact on the sentence. However, there is some intimation that the rule announced in the Manual might be invalid because it conflicts with the Code. In my view, neither the instruction with which we are concerned in the case at bar, nor paragraphs 126$h$(2) and 127$b$, Manual for Courts-Martial, United States, 1951, can properly be so construed. Rather, I interpret them to operate as a limitation on the forfeitures which can be imposed when the court-martial concludes a punitive discharge is inappropriate. See my dissenting opinion in United States v Holt, 9 USCMA 476, 26 CMR 256. Accordingly, I am constrained to dissociate myself from any portion of the Court's opinion which casts doubt on those portions of the Manual. Other considerations lead me to the same conclusion, but in light of the disposition ordered by the Court, it is unnecessary to develop my views further at this time.