**64**

UNITED STATES, Appellee,

v.

**Thomas R. WARNER, Specialist Four,
U.S. Army, Appellant.**

No. 56,237.
CM 448575.

U.S. Court of Military Appeals.

Sept. 24, 1987.

For Appellant: *Captain Scott A. Hancock* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Paul J. Luedtke, Major Eric T. Franzen* (on brief).

For Appellee: *Captain Cynthia M. Brandon* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Byron J. Braun* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Contrary to his pleas, Specialist Four Thomas R. Warner was convicted by a general court-martial of burglary[1] and larceny, in violation of Articles 129 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 929 and 921, respectively. The court members sentenced him to forfeit all pay and allowances, to be reduced to the lowest enlisted grade, and to be discharged from the Army with a bad-conduct discharge. Thereafter, the convening authority approved, and the Court of Military Review affirmed, the findings and sentence. We granted this issue for review:

> WHETHER THE CONVENING AUTHORITY ERRED BY APPROVING A SENTENCE INCLUDING TOTAL FORFEITURES WHEN CONFINEMENT WAS NOT ADJUDGED.

I

A

■ Before deciding the issue raised by appellant, we should address a preliminary matter. Appellant has been placed on appellate leave; and currently he is not receiving any pay and allowances. Thus, if error was committed, the effects of that error have been substantially mitigated. Nonetheless, we do not view the issue as moot. In the first place, it is unclear whether, prior to his entering leave status, any total forfeitures were collected pursuant to the sentence as approved by the convening authority. Secondly, if the sentence is upheld in its present form, the convening authority would have the power to recall Warner from leave and place him in a duty status in which he was required to render service without any pay. This potential harm of being "subject to a return to active duty while laboring under a forfeiture of all pay and allowances" suffices to make justiciable the issue before

---

1. The court-martial order erroneously refers to    the offense as housebreaking.

us. *Cf. United States v. Nelson,* 22 M.J. 550, 552 (A.C.M.R. 1986).

### B

In support of his contention that total forfeitures should not have been approved as part of his sentence, Warner points to the Discussion of R.C.M. 1107(d)(2), Manual for Courts-Martial, United States, 1984, which states explicitly that

[w]hen an accused is not serving confinement, the accused should not be deprived of more than two-thirds pay for any month as a result of one or more sentences by court-martial ... unless requested by the accused.

The analysis of R.C.M. 1107(d)(2) indicates that this language in the Discussion is "based on the third paragraph of paragraph 88b of" Manual for Courts-Martial, United States, 1969 (Revised edition), which provided:

The convening authority will consider in taking his action that an accused who is not serving confinement should not be deprived of more than two-thirds of his pay for any month as a result of one or more sentences by court-martial or other stoppages or deductions, unless requested by the accused.

The Government, on the other hand, takes the position in its final brief that

[t]he convening authority properly approved a sentence including total forfeitures, as the Code gives the convening authority plenary power to "approve, disapprove, commute, or suspend the sentence in whole or in part." Article 69(c)(2) UCMJ. The Manual for Courts-Martial, United States, 1984, has removed any obligation on the part of the convening authority to "consider in taking his action that an accused who is not serving confinement should not be deprived of more than two-thirds of his pay for any month." This specific language which was contained in the prior 1969 Manual for Courts-Martial at paragraph 88*b*, was deleted from the 1984 Manual. *Compare* R.C.M. 1107(d)(2) *with* paragraph 88b, Manual, 1969. The "long

standing policy" which appellant seeks to have this Court enforce is no longer a legal directive in the 1984 Manual.

Furthermore, appellate government counsel suggest that, even under the 1969 Manual, there was only precatory language— "should"—rather than mandatory language, so total forfeitures were permissible even then.

### C

Manual for Courts-Martial, United States, 1951, provided that a court-martial could not adjudge a sentence which imposed "[f]orfeitures of pay at a rate greater than two-thirds of" the servicemember's "pay per month" or "two-thirds of his pay for 6 months," unless the sentence also included a dishonorable or bad-conduct discharge. Similarly, a court-martial could not sentence a servicemember to confinement at hard labor for more than 6 months unless a punitive discharge was imposed. *See* para. 127*b*. Ultimately, these limitations were held invalid, because adjudging confinement for more than 6 months or total forfeitures without a punitive discharge was not expressly forbidden by the Uniform Code. *United States v. Jobe,* 10 U.S.C.M.A. 276, 27 C.M.R. 350 (1959); *United States v. Varnadore,* 9 U.S.C.M.A. 471, 26 C.M.R. 251 (1958).

Although in *Jobe* this Court held erroneous an instruction that the court-martial "may not adjudge a sentence including forfeiture of more than two-thirds pay per month without also awarding a punitive discharge," 10 U.S.C.M.A. at 278, 27 C.M.R. at 352—an instruction based on paragraph 127*b* of the 1951 Manual—it also explained:

A court-martial cannot impose "cruel or unusual punishment." Article 55, Uniform Code of Military Justice, 10 USC § 855. To impose forfeiture of all pay and allowances upon an accused who is required to continue in the service for a substantial period of time might possibly violate this provision. *Cf. Trop v. Dulles,* 356 US 86, 2 L Ed 2d 630, 78 S Ct 590. As a matter of fact, the Manual

provision [prohibiting total forfeitures without a punitive discharge] seems intended as a safeguard against depriving the accused of all means of support for himself and his family during active duty. Naval Justice, October 1945, page 376; [W.] Winthrop, ... supra [*Military Law and Precedents*], page 429 [(2d ed. 1920 Reprint)]. Thus, some cautionary instruction on the imposition of total forfeitures might be legally desirable and practically beneficial to the accused. See United States v. Villa, 10 USCMA 226, 27 CMR 300. The instruction in the instant case, however, does not reach this matter. Rather, it may be interpreted as a direction to the effect that a punitive discharge had to be included in the sentence if the court desired to adjudge forfeiture of all pay and allowances.

10 U.S.C.M.A. at 279, 27 C.M.R. at 353.

Perhaps this language in the Court's opinion helped lead to inclusion in the 1969 Manual of the provision—not present in the 1951 Manual—that "[t]he convening authority will consider ... that an accused who is not serving confinement should not be deprived of more than two-thirds of his pay for any month." [2] *See* para. 88*b*, 1969 Manual, *supra*. In accord with that language, Courts of Military Review have disapproved total forfeitures when confinement was not adjudged. *See, e.g., United States v. Worrell*, 3 M.J. 817, 825 (A.F.C. M.R. 1977); *United States v. Mundy*, 44 C.M.R. 780, 781 (N.C.M.R. 1971). Apparently these courts were willing to grant relief, even though the language of paragraph 88*b* might be construed as only precatory and expressing a policy, rather than mandatory.

In cases arising after the 1984 Manual, *supra*, took effect, some Courts of Military Review have continued to apply the "poli-cy" that had been stated in paragraph 88*b* of the 1969 Manual, *supra*, and which now appears in the Discussion of R.C.M. 1107(d)(2). *See, e.g., United States v. Nelson*, 22 M.J. 550 (A.C.M.R. 1986). However, in *United States v. Spenny*, 22 M.J. 844 (1986), *pet. granted*, 24 M.J. 217 (1987), the Army Court of Military Review reasoned that the language of the Discussion of R.C.M. 1107(d)(2) was only advisory and did not require adherence to the policy expressed therein. 22 M.J. at 846. In affirming the total forfeitures in the case at bar, the court below relied on *Spenny*.

As was mentioned by this Court in *Jobe* and noted by Senior Judge Raby in his opinion in *Nelson*, [3] imposition of total forfeitures upon someone who is in a duty status raises issues under the Eighth Amendment and under Article 55 of the Uniform Code—both of which prohibit "cruel and unusual punishments." Moreover, various statutory revisions reflect congressional concern about allowing total forfeitures of pay for those who are serving on active duty. For example, special courts-martial and summary courts-martial may never impose forfeitures of more than two-thirds pay per month, *see* Arts. 19 and 20, UCMJ, 10 U.S.C. §§ 819 and 820, respectively; and under 37 U.S.C. § 1007(c), if a member of the uniformed services "is administratively determined to owe" any amount to "the United States or any of its instrumentalities," the deductions from his pay in order to collect this indebtedness—after deduction of pay forfeited by court-martial sentence—may not be so great as to "reduce the pay actually received for any month to less than one-third of his pay for that month." Similarly, the Department of Defense Pay and Allowances Entitlements Manual provides that fines may not be collected from current enlisted pay

---

2. It is unclear whether the phrase about "an accused who is not serving confinement"—and parallel language in the Discussion of R.C.M. 1107(d)(2)—refers only to someone who has *never* been sentenced to confinement, or instead, also includes an accused who has been sentenced to confinement but has completed that portion of his sentence.

3. Judge Raby's opinion also suggests that, if the pretrial agreement purports to authorize forfeitures of more than two-thirds pay, this constitutes a "request" for purposes of the Discussion of R.C.M. 1107(d)(2). Like Judge Carmichael, who concurred in the result in *Nelson*, we have some doubts about this interpretation of the term "request."

"[i]f prior deductions" exceed "two-thirds of the member's pay for any month." Para. 70507*b* (1).

Admittedly, the language in R.C.M. 1107(d)(2)—like that of its 1969 predecessor—employs terms which might be construed as only precatory. However, just as the use of "should" in paragraph 88*b* of the 1969 Manual was not given any significance by the Courts of Military Review in deciding the cases which arose thereunder and involved sentences to total forfeitures but without confinement, we do not consider it as determinative under the circumstances that in the 1984 Manual the two-thirds limitation appears in the Discussion, rather than in R.C.M. 1107 itself, and that once again the word "should" is used.

The use of "should" is not inconsistent with creation of a duty. For example, although Article 66(c) of the Uniform Code, 10 U.S.C. § 866(c), directs a Court of Military Review to approve only so much of a sentence as it "determines, on the basis of the entire record, *should* be approved," this language does not leave the members of that court free to affirm sentences which they believe should not be approved. Likewise, we do not believe that the members of the court below were free in the performance of their duties under Article 66 to disregard the well-established policy at issue here.

The legislature has indicated that a servicemember in active duty status should receive at least a third of his pay; and the collection of total forfeitures from one serving actively may even raise constitutional issues. Under these circumstances, we are convinced that any doubt must be resolved in favor of the conclusion that, at least under the present Manual language, the Court of Military Review should not affirm as appropriate a sentence which imposes total forfeitures, when confinement has not been adjudged.[4]

## II

The portion of the sentence which provides for total forfeitures is amended to read "forfeiture of two-thirds pay as E-1 per month until the discharge is executed." The decision of the United States Army Court of Military Review as to the approved findings and the sentence as amended is affirmed. Executed forfeitures in excess of two-thirds pay per month will be restored to appellant.

Judge SULLIVAN concurs.

COX, Judge (dissenting):

I believe the issue raised by appellant is "moot" because it does not appear that he performed any duty without pay as a result of the approved sentence. Further, the case is not "ripe" for review until or unless appellant is ordered back to duty and required to serve without pay. The notion that we should have a case or controversy apparently does not appeal to my learned colleagues.

Furthermore, we should not attempt to legislate appropriate sentences in the face of Congress' mandate that the President prescribe the limits of "punishment which a court-martial may direct." Art. 56, Uniform Code of Military Justice, 10 U.S.C. § 856.

---

4. A distinction has been suggested between officers and enlisted persons—apparently on the premise that meals, lodging, uniforms, and other necessities of life will be provided free to enlisted members but may not be furnished in the same manner to officers. On this premise, total forfeitures could be imposed on enlisted members but not on officers. Unless such a distinction were clearly articulated in the Manual for Courts-Martial or in statutes, we would hesitate to conclude that officers should be treated more favorably than enlisted persons with respect to a limitation on imposable forfeitures.