**UNITED STATES, Appellee,**

**v.**

**Specialist Juana L. SMITH, United States Army, Appellant.**

**ARMY 9601110.**

U.S. Army Court of Criminal Appeals.

19 Nov. 1997.

For Appellant: Captain John M. Head, JA; Captain Mark A. Bridges, JA (on brief).

For Appellee: Lieutenant Colonel Eva M. Novak, JA; Lieutenant Colonel Paul E. Jordan, JA, USAR (on brief).

Before GORDON, JOHNSTON, and ECKER, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSTON, Judge:

Pursuant to her pleas, the appellant was convicted of attempted larceny, conspiracy, larceny, and knowingly making a material false statement to banking officials, in violation of Articles 80, 81, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 921, and 934 (1988) [hereinafter UCMJ]. She was sentenced by a panel of officer and enlisted members to a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence, but suspended that portion of the sentence extending to one-third forfeiture of pay until the appellant was placed on involuntary excess leave.

The appellant asserts, inter alia, that the convening authority erred by approving that portion of the sentence extending to the forfeiture of all pay and allowances when the appellant was not sentenced to confinement. We agree in part with the appellant's assertions, and, in the interest of judicial economy, grant appropriate relief by affirming a partial forfeiture of pay.

On 17 June 1996, the appellant pleaded guilty to charges resulting from a scheme to obtain and use credit cards that were billed to fictitious persons. On 21 June 1996, she was sentenced, in pertinent part, to forfeit all pay and allowances. The sentence did not include confinement. Neither the appellant nor her trial defense counsel requested deferment of the forfeitures. Fourteen days later the forfeiture of pay and allowances took effect.[1]

On 30 July 1996, the general court-martial convening authority notified the appellant that he intended to place her on involuntary excess leave pending appellate review of her court-martial. On 19 August 1996, the appellant acknowledged the excess leave notification and elected not to submit any matters for consideration. Sometime thereafter, she was placed on involuntary excess leave by an undated memorandum signed by the convening authority. As a result of the "fourteen day rule" of Article 57(a), UCMJ, as amended, the appellant, a single mother with a small child, served on active duty without pay or allowances as a Private E1 from on or about 5 July 1996 until sometime after 19 August 1996.

On 10 September 1996, the convening authority approved the sentence imposed by the court-martial. The action provided, in pertinent part, for suspension of a portion of the total forfeitures adjudged:

> [E]xecution of that part of the sentence extending to one-third forfeiture of pay is suspended until [the appellant] is placed on involuntary excess leave, at which time, unless the suspension is sooner vacated, the suspended part of the sentence will be remitted without further action.[2]

We are unable to determine from the record whether total forfeitures were collected from the appellant. We need not resolve this factual question, however, as we note that

---

1. As a result of the Department of Defense Authorization Act, 1996, forfeitures take effect fourteen days after being adjudged or upon approval of the convening authority, whichever is earlier. Article 57(a), UCMJ, as so amended, now states in pertinent part:

   (a)(1) Any forfeiture of pay or allowances or reduction in grade that is included in a sentence of a court-martial takes effect on the earlier of—

   (A) the date that is 14 days after the date on which the sentence is adjudged; or

   (B) the date on which the sentence is approved by the convening authority.

2. The general court-martial convening authority may utilize the provisions of Rule for Courts–Martial [hereinafter R.C.M.] 1107(f)(4)(B) and R.C.M. 1108 to suspend only those portions of the sentence that are "unexecuted." Because the convening authority did not take action on the sentence until more than fourteen days after it was adjudged, the forfeitures were "executed" by operation of law. *See* UCMJ art. 57(a).

the Court of Military Appeals (now the United States Court of Appeals for the Armed Forces), in *United States v. Warner*, 25 M.J. 64 (C.M.A.1987), ordered executed forfeitures to be restored without determining whether the forfeitures had been collected.

■ Case law indicates servicemembers in an active duty status and not in confinement should receive at least one third of their pay. *See United States v. Dewald*, 39 M.J. 901 (A.C.M.R.1994); *United States v. Hatchell*, 33 M.J. 839, 840 (A.C.M.R.1991). Imposition of total forfeitures upon someone who is in an active duty status raises issues under the Eighth Amendment of the U.S. Constitution and under Article 55, UCMJ, both of which prohibit "cruel and unusual punishments." *See Warner*, 25 M.J. 64.

As confinement was not adjudged in this case, the general court-martial convening authority, at a minimum, should have disapproved that portion of the sentence adjudging forfeitures in excess of two-thirds pay. While the action by the convening authority suspending one-third forfeiture of pay until the appellant was placed on excess leave apparently was motivated by cases such as *Warner*, suspension did not affect that portion of pay and allowances that was already executed. *See Warner*, 25 M.J. 64. In addition, the attempted cure could have created additional problems if an effort had been made to vacate the suspended forfeiture. We need not resolve this conundrum, however, as our remedy is to approve only two-thirds forfeiture of pay.[3]

We have considered the other errors raised by the appellant, including those matters submitted by her pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

The findings of guilty are affirmed. The court affirms only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $583.00 pay per month until the discharge is executed, and reduction to Private E1. Executed forfeitures in excess of two-thirds pay per month will be restored to the appellant.[4]

Senior Judge GORDON and Judge ECKER concur.

---

3. The issue presented by this case could have been avoided in several ways. For example, sentencing instructions could have included the admonition that forfeiture of all pay and allowances would be proper only if confinement was adjudged. The military judge, after reviewing the sentence worksheet, could have returned the members to deliberations with additional instructions.

4. The current version of R.C.M. 1108(b) should be amended to clarify that the convening authority does not have the power to suspend forfeitures that have been executed pursuant to the fourteen day rule of Article 57(a), UCMJ.