UNITED STATES, Appellee,

v.

Staff Sergeant Arther L. BREWER, Jr.,
United States Army, Appellant.

ARMY 9701710.

U.S. Army Court of Criminal Appeals.

27 July 1999.

For Appellant: Captain Kirsten Campbell–Brunson, JA (argued); Colonel John T. Phelps II, JA; Colonel Adele H. Odegard, JA; Major Holly S.G. Coffey, JA (on brief).

For Appellee: Captain Kelly R. Bailey, JA (argued); Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Captain Mary E. Braisted, JA (on brief).

Before CAIRNS, Senior Judge, MERCK, and BROWN, Appellate Military Judges.

## OPINION OF THE COURT

MERCK, Judge:

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of false swearing and obtaining services under false pretenses (two specifications), in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ]. The military judge sentenced the appellant to a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence as adjudged.

This case is before the court for automatic review pursuant to Article 66, UCMJ. We have considered the record of trial, the four assignments of error, the government's reply thereto, and the oral arguments of counsel. Appellant's first assignment of error, claiming that the convening authority approved excessive forfeitures in the absence of any adjudged confinement, merits corrective action. The appellant additionally asserts two errors relating to ineffective assistance of counsel: (1) that his counsel failed to investigate his case and to prepare for trial; and (2) that his counsel failed to prepare and to present clemency matters on his behalf. While we find no basis for granting relief for these two assignments of error, they do warrant discussion. The appellant's remaining assignment of error, alleging that Specifications 2 and 3 of the Charge are an unreasonable multiplication of charges, merits no discussion or relief.

## FACTS

The appellant reported to Camp Casey, Korea, in July 1995. The appellant, on numerous occasions between 1 April 1996 and 5 June 1996, wrongfully obtained telephone services by accepting numerous collect calls from the United States made to the phone in his barracks room at Camp Casey. At the time that he accepted those phone calls, he knew that the contract he had signed for phone service in his room specifically prohibited him from accepting collect calls. Additionally, after his return to the United States, he falsely swore on 10 December 1996 that "he did not accept any collect calls in his barracks room at Camp Casey, Korea."

## DISCUSSION

■ A determination of the effectiveness of counsel is a mixed question of law and fact. *See United States v. Wean*, 45 M.J. 461, 463 (1997). Whether the representation by counsel was deficient and, if so, whether the deficiency was prejudicial, are questions of law reviewed *de novo*. *See Wean*, 45 M.J. at 463.

■ The military accused has the right to competent counsel during the pretrial, trial, and post-trial stages of his court-martial. *See United States v. Hicks*, 47 M.J. 90, 92 (1997). "Counsel is presumed competent until proven otherwise." *United States v. Gibson*, 46 M.J. 77, 78 (1997). In order to determine if counsel provided ineffective assistance, the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted a two-pronged test:

> First, the [appellant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [appellant] by the Sixth Amendment. Second, the [appellant] must show that the deficient performance prejudiced the defense. This requires showing that the counsel's errors were so serious as to deprive the [appellant] of a fair trial, a trial whose result is reliable.

*See also Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *United States v. Clark*, 49 M.J. 98 (1998); *United*

*States v. Scott,* 24 M.J. 186, 188 (C.M.A.1987) (U.S. Court of Military Appeals adopted the two-pronged test established in *Strickland* when evaluating claims of ineffective assistance of counsel).

 Appellate courts will give due deference to the strategic and tactical decisions made at trial by defense counsel. *See United States v. Morgan,* 37 M.J. 407, 410 (C.M.A.1993). Courts should "eliminate the distorting effects of hindsight" before seeking to evaluate the performance of counsel at the time of trial. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *see also United States v. Gray,* 51 M.J. 1, 19 (1999) (holding that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time"); *United States v. Marshall,* 45 M.J. 268, 270 (1996), *cert. denied,* 519 U.S. 1117 (1997). Assuming counsel's perfor·nance was deficient, the test for prejudice regarding findings is " 'whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.' " *Scott,* 24 M.J. at 189 (quoting *Strickland,* 466 U.S. at 695, 104 S.Ct. 2052).

The appellant submitted two affidavits[1] supporting his allegations of ineffective assistance of counsel. In accordance with the principles announced in *United States v. Ginn,* 47 M.J. 236, 248 (1997),[2] we must determine whether the claims of ineffectiveness can be resolved without recourse to a post-trial evidentiary hearing. *See also United States v. Clark,* 49 M.J. 98, 100 (1998). Applying *Ginn's* principles, considering the two affidavits submitted by the appellant, the record of trial, and its allied papers, we are able to decide the ineffective assistance of counsel allegations without recourse to further proceedings.

We will address the assigned errors of ineffective assistance of counsel separately:

APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL FAILED TO INVESTIGATE HIS CASE AND PREPARE FOR TRIAL.

 In his post-trial affidavit, the appellant alleges, in part, that his defense counsel had him sign a document waiving his right to an investigation pursuant to Article 32(b), UCMJ: "[My defense counsel] told me there was no sense in having an Article 32 investigation because the case was going to trial anyway." At trial, the military judge and the appellant had the following colloquy:

---

1. In support of the appellant's claim of ineffective assistance of counsel, appellant submitted: (1) his own affidavit, dated 24 August 1998, and (2) an affidavit from his father, dated 1 October 1998.

2.

First, if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis.

Second, if the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis.

Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.

Fourth, if the affidavit is factually adequate on its face but the appellate filings and the record

as a whole "compellingly demonstrate" the improbability of those facts, the Court may discount those factual assertions and decide the legal issue.

Fifth, when an appellate claim of ineffective representation contradicts a matter that is within the record of a guilty plea, an appellate court may decide the issue on the basis of the appellate file and record (including the admissions made in the plea inquiry at trial and appellant's expression of satisfaction with counsel at trial) unless the appellant sets forth facts that would rationally explain why he would have made such statements at trial but not upon appeal.

Sixth, the Court of Criminal Appeals is required to order a factfinding hearing only when the above-stated circumstances are not met. In such circumstances the court must remand the case to the trial level for a *DuBay* proceeding. During appellate review of the *DuBay* proceeding, the court may exercise its Article 66 fact-finding power and decide the legal issue.

MJ: Sergeant Brewer, I've been handed Appellate Exhibit Number I,[3] which is ... a document that's titled "Article 32 Waiver." It's dated the 24th of July 1997. On the second page it appears to bear your signature. Is that, in fact, your signature?

ACC: Yes, sir.

MJ: This document says that you were advised by your attorney of the various rights that will be afforded to you at an Article 32 Investigation; and then in addition to that you were made aware by your attorney that unless you had an Article 32 Investigation or waived the Article 32 Investigation your charges could not be forwarded to a general court-martial; however, after being fully advised of your rights that you, in fact, voluntarily waived your right to an Article 32 Investigation. Is all of that, in fact, correct and is that true?

ACC: Yes sir.

This does not demonstrate that the defense counsel was ineffective. We find that the appellant "knowingly, intelligently, and voluntarily" waived the Article 32(b) investigation. *See Ginn's* fourth principle.

Additionally, the appellant alleges in the affidavits that his defense counsel was deficient in his pretrial preparation and trial presentation for the following reasons: (1) in late June or early July 1997, the appellant gave his defense counsel a list of witnesses that he wanted his counsel to contact, and his counsel failed to contact the witnesses; (2) the appellant's defense counsel did not meet with the appellant until the night before the trial was to begin, and the defense counsel had no questions prepared; (3) the appellant did not know why his counsel entered a plea of guilty for him to Specification 1 of the Charge (false swearing), when the appellant wanted to plead guilty to accepting some of the phone calls charged in Specifications 2 and 3 (obtaining services under false pretenses); (4) his defense counsel did not call any witnesses not already called by the government and was unprepared to question the witnesses; and (5) his counsel failed to ex-

plain or discuss the proceedings with him during breaks in the trial.

The record demonstrates that the appellant's assertion that he wanted to plead guilty to some of the allegations in Specifications 2 and 3 is without merit. The appellant was present in the courtroom when pleas were entered on his behalf. When asked by the military judge, the appellant agreed that he wanted to plead guilty to Specification 1. The appellant never indicated that he wanted to plead guilty to Specifications 2 or 3, or any part thereof. Even after the military judge refused to accept his plea to Specification 1, the appellant never indicated that a plea of not guilty to any of the specifications was contrary to his desires. The appellant's assertion is not credible. *See Ginn's* fourth principle.

As to the other assertions of ineffective assistance, described supra, the record demonstrates that the defense counsel presented a reasonable trial strategy based on the law and the facts. The defense theory was that the government could not meet its burden of establishing the appellant's guilt beyond a reasonable doubt. *See United States v. Ingham,* 42 M.J. 218, 224 (1995) (holding that in an ineffective assistance claim, the first point of inquiry is "whether counsel had a reasonable trial strategy—one supported by the law and evidence"); *United States v. Russell,* 48 M.J. 139, 141 (1998) (holding that, to raise ineffectiveness of counsel for failure to locate a witness, an appellant "must allege specific information that counsel could have located the witness after a reasonable investigation, that the witness would have been available to testify, and that the substance of the witness's testimony would have assisted the appellant's defense").

The record demonstrates that the defense counsel made an opening statement, conducted effective cross-examination of government witnesses, called four witnesses on the merits, and presented a closing argument on the merits, all of which met prong one of the *Strickland* standard. The defense counsel argued that: (1) the government could not

**3.** Appellate Exhibit I generally describes the appellant's rights under Article 32, UCMJ, and Rule for Courts–Martial 405.

prove that the appellant accepted collect calls; (2) many of the callers were unsure if the appellant personally accepted their collect calls; (3) the appellant's ex-wife was not telling the truth when she testified about the large number of collect calls she made to the appellant; (4) the appellant's telephone records were wrong; (5) it was common practice in Korea to accept collect calls and to pay for them later; and (6) the appellant was a good soldier.

Even assuming that the defense counsel's performance was deficient, the appellant failed to establish prejudice, as required by prong two of the *Strickland* standard. The appellant failed to indicate which witnesses should have testified at his court-martial and what favorable evidence they would have presented had they testified. For all of the foregoing reasons, we find that the appellant failed to carry his burden as required under the *Strickland* analysis. *See Ginn*'s first principle.

APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL FAILED TO PREPARE AND PRESENT CLEMENCY MATTERS ON HIS BEHALF.

■ In the affidavits submitted by the appellant, he alleged that his defense counsel was ineffective in representing him in post-trial matters because: (1) his defense counsel did not communicate with him about clemency submissions, except to tell him that he could submit letters to the convening authority; (2) his defense counsel did not contact co-workers or family members whom the appellant identified for clemency submissions; (3) the appellant was not informed of the date by which clemency matters were required to be submitted or how to contact his counsel for advice; and (4) he believed that his counsel was more focused on his plans to leave the Army than on appellant's case.[4]

Before adjournment of the trial, the appellant stated that he had been advised, and was aware, of his post-trial and appellate rights. The appellant also signed Appellate Exhibit VIII, entitled Post Trial and Appellate Rights General Court–Martial. In Appellate Exhibit VIII, the appellant acknowledged that he understood that upon receipt of the staff judge advocate's post-trial recommendation, he had ten days to submit matters to the convening authority. The allied papers reflect that the appellant was served with the post-trial recommendation on 26 November 1997.

The appellant's counsel submitted a clemency petition on appellant's behalf (allied papers, Petition for Clemency—PV1 Arther L. Brewer, dated 18 December 1997). His counsel, by reference, included the testimony of the witnesses who testified to his good character during the presentencing part of the trial, i.e., the appellant's mother and father, a commissioned officer, and a subordinate noncommissioned officer. Additionally, counsel apprised the convening authority of the appellant's prior record, to include awards and decorations. Finally, the defense counsel advised the convening authority of the devastating impact that a bad-conduct discharge would have on the appellant and his family.

For purposes of evaluating the first prong of the *Strickland* standard, we assume that the assertions set forth in the appellant's affidavits are true. We find that counsel's failure to discuss with the appellant the contents of the clemency package submitted on the appellant's behalf was deficient performance. We also conclude that counsel's failure to contact co-workers or family members whom the appellant identified for clemency submissions was deficient performance. *See United States v. Hood,* 47 M.J. 95, 97 (1997).

---

4. Appellate defense counsel provided this court an affidavit, stating that she had a conversation with the trial defense counsel in which she informed him of appellant's allegations of ineffectiveness. She offered the trial defense counsel the opportunity to submit an affidavit. She stated that he became angry and made a racially derogatory statement directed at the appellant.

The government later established by affidavit that the appellant and the trial defense counsel are of the same race. We condemn any racial remark in the strongest terms. The court does note, however, that none of the allegations of ineffective assistance allege racial bias or discrimination.

In order to satisfy the second prong of the *Strickland* standard, appellant must show that counsel's deficient performance prejudiced his case. To prevail, appellant " 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Hood*, 47 M.J. at 97 (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). Appellant failed to show what, if any, additional information he would have provided to the convening authority. *See Hood*, 47 M.J at 98 (citing *United States v. Moseley*, 35 M.J. 481, 486 (C.M.A.1992) (Gierke, J., concurring in part and dissenting in part) (appellant must "proffer what he would have submitted")). We hold that the appellant failed to meet his burden. *See Ginn's* first principle.

### EXCESSIVE FORFEITURES

◼ The convening authority's action approving forfeiture of all pay and allowances, in the absence of any confinement, contravenes the firm policy contained in well-settled case law and in the discussion to Rule for Courts–Martial 1107(d)(2) that a soldier should not be deprived of more than two-thirds pay unless that soldier is in a confinement status. *See United States v. Warner*, 25 M.J. 64 (C.M.A.1987); *United States v. Smith*, 47 M.J. 630, 632 (Army Ct.Crim.App. 1997), *aff'd*, 50 M.J. 380 (1999). Accordingly, we will grant appropriate relief.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the excessive forfeiture error, the entire record, and the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the court affirms only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $600.00 pay per month for six months, and reduction to Private E1.

Senior Judge CAIRNS and Judge BROWN concur.