UNITED STATES, Appellee

v.

Michael D. STEWART, Airman First Class
U.S. Air Force, Appellant

No. 05-0381

Crim. App. No. 35188

United States Court of Appeals for the Armed Forces

Argued October 19, 2005

Decided January 24, 2006

BAKER, J., delivered the opinion of the Court, in which GIERKE, C.J.,
and CRAWFORD, EFFRON, and ERDMANN, JJ., joined.


Counsel

For Appellant:  Captain Kimberly A. Quedensley (argued);
Lieutenant Colonel Mark R. Strickland (on brief); Colonel Carlos
L. McDade, Major Sandra K. Whittington, and Major James M.
Winner.

For Appellee:  Major Amy E. Hutchens (argued); Lieutenant
Colonel Robert V. Combs and Lieutenant Colonel Gary F. Spencer
(on brief).

Military Judge:  Jack L. Anderson


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Stewart, No. 05-0381/AF

Judge BAKER delivered the opinion of the Court.

While stationed at Edwards Air Force Base, Appellant, an airman, unlawfully entered the room of a fellow servicemember. He indecently assaulted her while she lay unconscious and videotaped her unclothed body. After a contested general court-martial before members, Appellant was convicted of one specification of unlawful entry, one specification of indecent assault, and one specification of committing an indecent act, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000).

On October 13, 2001, Appellant's sentence was adjudged by the members. He was sentenced to "[r]eduction to the grade of Airman Basic (E-1), 15 months confinement and forfeiture of all pay and allowances." A punitive discharge was not adjudged. The convening authority approved the sentence, including total forfeitures, on March 17, 2002. Upon his release from confinement, Appellant returned to active duty where, as explained below, he was subject to continued forfeitures until December 31, 2002. Appellant was discharged from active duty upon reaching his End of Active Service (EAS).

We granted review of the following issue upon Appellant's petition:

WHETHER FORFEITURES WERE IMPROPERLY IMPOSED ON THE APPELLANT'S PAY AND ALLOWANCES AFTER HE WAS RELEASED FROM CONFINEMENT AND RETURNED TO ACTIVE STATUS ON 14 APRIL 2002.

BACKGROUND

2

Appellant began his fifteen-month term of confinement on October 13, 2001. Forfeiture of all pay and allowances went into effect on October 27, 2001. Appellant received 184 days of pretrial confinement credit. He was released and returned to active duty on April 14, 2002.

Following his return to duty, the Defense Finance and Accounting Service (DFAS) continued to impose total forfeitures until August 31, 2002. DFAS subsequently determined that Appellant should only have been subject to two-thirds forfeitures after his release from confinement. Therefore, DFAS credited Appellant with one-third the amount of the total forfeitures taken from May 1, 2002, through August 31, 2002. DFAS continued to impose forfeitures of two-thirds of Appellant's pay until January 2003. On January 13, 2003, the convening authority issued General Court-Martial No. 2 and remitted the uncollected portion of the sentence to forfeitures.

Appellant argues he should not have been subject to either total or partial forfeitures after his release from confinement. He contends that because the members did not specify imposition of partial forfeitures as an additional punishment following total forfeitures, his sentence to forfeiture of all pay and allowances was intended to run only through his period of confinement. Further, Appellant claims, DFAS' continued

imposition of forfeitures subjected him to a sentence more severe than that adjudged by the members.

The Government, by contrast, argues that forfeiture of all pay and allowances transforms automatically into partial forfeitures upon a servicemember's release from confinement and return to active duty, unless the members otherwise delimit the imposition of such forfeitures.  Such partial forfeitures, the Government contends, run until the servicemember's EAS date, or until such time as the convening authority approves, or the members expressly provide.  Where a punitive discharge is adjudged and approved, the servicemember is discharged upon release from confinement and the concern addressed by Appellant does not arise.

The parties' arguments and the facts of this case raise a threshold question:  what effect should be given to a sentence to forfeiture of all pay and allowances where no time limit is specified and the subject returns to a duty status post-confinement?

DISCUSSION

Rule for Courts-Martial (R.C.M.) 1003(b)(2) provides:

> Forfeiture of pay and allowances.  Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last.

The discussion to R.C.M. 1107(d)(2) states:

4

> When an accused is not serving confinement, the accused should not be deprived of more than two-thirds pay for any month as a result of one or more sentences by court-martial and other stoppages or involuntary deductions, unless requested by the accused.

Based on the non-binding discussion to R.C.M. 1107(d)(2), this Court held in United States v. Warner, 25 M.J. 64 (C.M.A. 1987), that a servicemember released from confinement and still in a duty status may not be deprived of more than two-thirds of his or her pay.  See also United States v. Lonnette, 62 M.J. __ (C.A.A.F. 2006)  If a portion of a sentence "provides for" continued forfeiture of all pay and allowances after a servicemember is released from confinement but before execution of the discharge, that portion of the sentence should be amended to provide for forfeiture of two-thirds pay until the discharge is executed.  Warner, 25 M.J. at 67.

As the Warner Court recognized, underlying the discussion to R.C.M. 1107(d)(2) is a policy concern that an accused should not be deprived of all means of supporting himself or his family while on active duty.  Warner, 25 M.J. at 66.  As a result, just as Warner could not have been subject to more than two-thirds forfeitures once he was released from confinement and returned to a duty status, Appellant could not be subject to more than two-thirds forfeiture following his return to duty status. Moreover, in light of R.C.M. 1003(b)(2), the discussion to

5

R.C.M. 1107(d)(2), and Warner, this was the law at the time of Appellant's court-martial.

However, Appellant's case presents a more fundamental question: Did the members, in fact, adjudge a sentence that would have subjected Appellant to forfeiture following his release from confinement when they sentenced Appellant to "forfeiture of all pay and allowances?"

On the one hand, this sentence could be read to reflect the members' intent to sentence Appellant to continuous forfeitures so long as he was in the armed forces. The plain language of the adjudged sentence states forfeiture of all pay and allowances without limitation. Thus, the members' intent is plain -- total forfeitures hereinafter, subject of course, to the operation of applicable law and regulation. This is the Government's view.

On the other hand, in light of R.C.M. 1003(b)(2), the discussion to R.C.M. 1107(d)(2), and Warner, this sentence could be read to reflect the members' intent to sentence Appellant to forfeiture of all pay and allowances during that period in which he was in confinement. Otherwise, the members, knowing that they had not punitively discharged Appellant, would have been obliged by law to specify the amount and duration of any partial forfeiture following his release from confinement. R.C.M. 1003(b)(2).

6

As the Government itself concedes, we cannot be sure what the members intended. As the Government stated at oral argument, the members "at the very least intended for total forfeitures, either collected at the full total amount or at the reduced two-thirds administrative amount, to run for at least fifteen months."

Certainly, it is settled law that an accused cannot be subjected to a sentence greater than that adjudged by the members. Waller v. Swift, 30 M.J. 139, 143 (C.M.A. 1990). Moreover, where a sentence is ambiguous or uncertain, as a matter of fundamental fairness an accused cannot be subject to a sentence greater than that which is clearly indicated.

The principle that an accused should not be subjected to an ambiguous, uncertain sentence is grounded in longstanding United States jurisprudence. "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." United States v. Daugherty, 269 U.S. 360, 363 (1926). A sentence that is so ambiguous that a reasonable person cannot determine what the sentence is may be found illegal. United States v. Earley, 816 F.2d 1428, 1430 (10th Cir. 1987). However, not all ambiguous sentences are illegal. Id. at 1431. A sentence need not be so clear as to eliminate every doubt, but

sentences should be clear enough to allow an accused to ascertain the intent of the court or of the members.  See id.

In this case, we cannot determine with fair certainty the duration of the total forfeitures that the members intended to impose upon Appellant, or whether the members intended to impose partial forfeitures following confinement, and if so, for what period of time and in what amount.  The plain language of the sentence as approved by the convening authority provides little insight.  Appellant's sentence simply reads:  "Reduction to the grade of Airman Basic (E-1), 15 months confinement and forfeiture of all pay and allowances."  Thus, we shall affirm only so much of Appellant's sentence to forfeiture as we can determine with fair certainty the members intended to adjudge.

R.C.M. 1003(b)(2) provides that "[u]nless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last."  This was not done in Appellant's case.  While Appellant's sentence need not have been so clear as to dispel every doubt, it should have contained enough information to place him on notice that he would be subjected to partial forfeitures following his release from confinement.  His sentence should additionally have provided some indication of how long the partial forfeitures would remain in effect.  Because Appellant's sentence did not expressly

provide for partial forfeitures, we shall affirm only those forfeitures coterminous with the time Appellant spent in confinement.

In addition to conforming with the text of R.C.M. 1003(b)(2), such a result is consistent with the legal policy that informs the discussion to R.C.M. 1107(d)(2).  Where the sentencing authority intends to deprive an accused in a duty status to partial forfeitures it should state so with clarity, so as to avoid any ambiguity or mistake in intent.  Partial forfeitures are a form of pecuniary punishment that have an impact on convicted servicemembers as well as their families. Ambiguous or uncertain sentences to forfeiture are detrimental because they leave military families unsure of how long wages will be forfeited, and less able to engage in financial planning for the future.  We hold that where a sentence to forfeiture of all pay and allowances is adjudged, such sentence shall run until such time as the servicemember is discharged or returns to a duty status, whichever comes first, unless the sentencing authority expressly provides for partial forfeitures post-confinement.  The sentencing authority shall specify the duration and the amount of such partial forfeitures, subject to R.C.M. 1103(b)(2), the discussion accompanying R.C.M. 1107(d)(2), and Warner.

DECISION

For the reasons discussed above, we affirm the decision of the Air Force Court of Criminal Appeals as to the findings.  We affirm only so much of Appellant's sentence as provides for reduction to the grade of Airman Basic (E-1), fifteen months of confinement, and forfeiture of all pay and allowances for the length of time Appellant spent in confinement.