*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HOLIFIELD, GERRITY, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Maxwell E. URBONAS**
Information Systems Technician Third Class (E-4), U.S. Navy
*Appellant*

**No. 201900298**

Decided: 16 April 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Wilbur Lee

Sentence adjudged 16 August 2019 by a special court-martial convened at Joint Base Pearl Harbor-Hickam, Hawaii, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, forfeiture of $1,537 per month for 6 months, confinement for 6 months, and a bad-conduct discharge.

For Appellant:
*Captain Jeremiah Sullivan, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

Appellant was convicted, in accordance with his plea, of one specification of indecent language, in violation of Article 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 934 and submitted his case for review without assignment of error. This Court specified three issues:

> **I. Was Appellant prejudiced by that portion of his sentence awarding forfeiture of $1,537 per month for six months when the plea agreement ordered "two-thirds forfeitures will be adjudged" without specifying the exact amount each month or the number of months, and the forfeiture amount was in violation of Rule for Courts-Martial 1003(b)(2)?**

> **II. Was Appellant prejudiced by that portion of his sentence awarding confinement for "six months" instead of the maximum "180 days" as set forth in the plea agreement?**

> **III. Was Appellant prejudiced by the omission from the Entry of Judgment and the confinement order of the court-ordered 91 days of pre-trial confinement credit?**

We find no error materially prejudicial to Appellant's substantial rights with regard to the lack of specificity of a term for forfeitures under Issue I, where the military judge advised Appellant and all parties agreed that under the plea agreement the term of adjudged forfeitures was intended to permit a duration of up to 12 months.

However, the Government concedes the remaining error for Issue I, which we find materially prejudicial to Appellant's substantial rights, as the military judge sentenced Appellant and included in the Entry of Judgment [EOJ] a forfeiture amount in violation of Rule for Courts-Martial [RCM] 1003 (b)(2). We provide relief in the decretal paragraph and modified EOJ.

We further find it was error for the military judge to violate the terms of the plea agreement by exceeding the 180-day maximum confinement limita-

tion (because "six months" at the time sentence was adjudged was equal to 181 days); and to fail to include the 91 days of pre-trial confinement credit in the EOJ. However, we find no error materially prejudicial to Appellant's substantial rights occurred because the military brig corrected the military judge's error by applying the correct 180-day maximum for confinement and gave Appellant 91 days of pre-trial confinement credit.[1] The EOJ will be modified to correctly reflect the confinement amount of 180 days and the 91 days of pre-trial confinement credit.

## I. BACKGROUND

As part of his plea agreement with the convening authority, Appellant, an E-4, waived his right to a trial by members and requested trial by military judge alone. As such, the provisions outlined in RCM 705 (Plea agreements) and RCM 1002(d)(2) (Sentencing determination) applied to Appellant's case. The plea agreement required a sentence that included a bad conduct discharge, confinement within a range of 120 to 180 days, reduction to E-1, and "two-thirds forfeitures"—without specifying their duration. The military judge advised Appellant that the plea agreement permitted a maximum sentence of a bad-conduct discharge, confinement of six months, reduction to E-1, and forfeiture of two-thirds pay for twelve months. Both trial and defense counsel, as well as Appellant, agreed with the military judge's interpretation of the plea agreement. The military judge accepted the plea agreement as binding on the parties and the court-martial.[2]

The military judge did not impose a sentence within the limitations set forth in the plea agreement, but instead sentenced Appellant to a bad-conduct discharge, confinement for "six months" (instead of 180 days), reduction to E-1, and forfeiture of $1,537 per month for six months (instead of $1,120 per month for six months, which is the whole dollar amount of two-

---

[1] In the military brig's prisoner sentence computation dated 19 August 2019 (3 days after the sentence was adjudged), it was noted the military judge sentenced Appellant to six months of confinement but the maximum under the plea agreement was 180 days, and Appellant was given the 91 days of pre-trial confinement credit. It appears no one brought this issue to the attention of the convening authority or the military judge who could have corrected this prior to the EOJ. Had the Government brought this change by the military brig to the attention of the convening authority and the military judge, these issues could have been resolved at that time.

[2] *See* UCMJ art.53a(d); *see also* RCM 1002(a)(2) ("[T]he court-martial shall sentence the accused in accordance with the limits established by the plea agreement.").

thirds pay for an E-1 with over four months of service).[3] The military judge also ordered 91 days of pre-trial confinement credit. The convening authority took no action on the findings or sentence. The military judge's sentence, as announced, was included in the EOJ; however, the EOJ failed to include the 91 days of pre-trial confinement credit.[4] Appellant requested a deferment of confinement, which was denied without explanation.

## II. DISCUSSION

### A. Forfeiture of Pay

When a military judge accepts a plea agreement containing a sentence limitation, the accused shall be sentenced in accordance with the limitations in the plea agreement.[5] If a sentence includes a reduction in grade, the maximum forfeiture is based upon the grade to which the accused is reduced.[6] After reducing Appellant to E-1 in accordance with the plea agreement, the military judge imposed forfeitures of $1,537 per month for 6 months, incorrectly calculating "two-thirds forfeitures" based on E-4 pay. When a court exceeds a sentencing limitation, it is plain error.[7] The Government concedes this error.

As a punishment, partial forfeitures "shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last."[8] After mandating reduction to E-1, the plea agreement failed to mandate forfeitures in an exact amount or for any duration, stating only that "[t]wo-thirds forfeitures will be adjudged." This term was ambiguous, leaving neither a minimum nor maximum timeframe. "Interpretation of

---

[3] The military judge was required to adjudge forfeitures of two-thirds at the plea agreement's mandated reduced rank of E-1; however, the military judge incorrectly used the rank of E-4 and miscalculated the two-thirds pay for an E-4 as $1,537 (the correct amount for an E-4 would have been $1,538 per month). If forfeitures were calculated correctly, using the pay scale for 2019—the year Appellant was sentenced—it should have been $1,120 per month for Appellant's reduced rank of E-1.

[4] The sentence adjudged was also included in the Confinement Order, and the Statement of Trial Results, which will be ordered corrected in the decree.

[5] RCM 1002(a)(2).

[6] RCM 1003(a)(2).

[7] *See generally United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018); *United States v. Stewart*, 62 M.J. 291, 295 (C.A.A.F. 2006).

[8] RCM 1003(b)(2).

a [plea agreement] is a question of law, which we review de novo.[9] We will look at the terms of the plea agreement, as well as Appellant's "understanding of the terms of [the] agreement as reflected in the record as a whole.[10]

The military judge is required to ensure that the accused understands the impact of a plea agreement and that the parties agree to its terms.[11] It is critical for any ambiguities or errors to be clarified and corrected, and the courts have "long emphasized the critical role that a military judge and counsel must play to ensure that the record reflects a clear, shared understanding of the terms of any [plea] agreement between an accused and the convening authority." [12]

After originally discussing the maximum punishment with regard to forfeitures, the military judge specifically addressed the ambiguity in the plea agreement regarding the duration of forfeitures. He asked the parties what the duration of the forfeitures was intended to be, as the military judge interpreted the term as giving him discretion to adjudge forfeitures of two-thirds pay for up to 12 months. All parties agreed with the military judge as to the parties' intent, and the plea was accepted in accordance with Article 53a, UCMJ, and R.C.M 910(f)(4). The duration of forfeitures was not raised by the Defense at any point during the case, in the post-trial processing of the case, or on appeal until this Court raised the issue.[13]

## B. Confinement Exceeds Sentencing Limitation

The plea agreement allowed for a confinement range between 120-180 days. The military judge adjudged, and included in the EOJ, a sentence of confinement for "six months". Based on the timing of the calendar at sentencing, six months equaled 181 days. This error was not objected to by either trial or defense counsel. However, the military brig corrected this error and changed the total confinement to 180 days in accordance with the plea. Therefore no error materially prejudicial to Appellant's substantial rights

---

[9] *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006).

[10] *See id.*

[11] *See* RCM 910(f)(4); *see also United States v. King,* 3 M.J. 458 (C.M.A. 1977); *United States v. Green,* 1 M.J. 453, 456 (C.M.A. 1976).

[12] *United States v. Williams,* 60 M.J. 360, 362 (C.A.A.F. 2004).

[13] Automatic forfeiture of two-thirds pay applies during the period of confinement. *See* U.C.M.J. art 58(b).

occurred, as Appellant did not serve more than 180 days. We will correct the EOJ to comply with the plea agreement.

## C. Summary Denial of Deferment

According to the EOJ, Appellant requested a deferment of confinement, and the convening authority summarily denied the request without stating the basis for doing so. "When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the accused) and must include the reasons upon which the action is based."[14] Accordingly, the failure to state in writing the basis for the denial of a deferment request constitutes error.[15] We review the denial of a request for deferment for an abuse of discretion.[16] However, when a convening authority does not state a reason for its action, we are left unable to assess any abuse of discretion since "the basis for the exercise of that discretion is unknown."[17] Therefore, "we must independently review the facts of this case and determine whether deferment was appropriate, and if it was, what remedy should follow."[18]

Our analysis of the factors enumerated in RCM 1103(d)(2) convinces us that it was appropriate to deny the deferral of confinement request. Appellant's crimes involved indecent language to an undercover officer related to the sexual abuse of a child. The crime and the facts underlying Appellant's offense were serious. The sentence as modified by this Court in accordance with the plea agreement includes a bad-conduct discharge, reduction to E-1, confinement for 180 days, and forfeiture of $1,120 per month for six months. Under RCM 1103(d)(2), Appellant has the burden of showing that the interests of Appellant and the community in deferral outweigh the community's interest in imposition of the punishment on the effective date. In balancing the interests of Appellant—to help him go to work and school and potentially to obtain therapy—against the seriousness of the crimes and the sentence as modified by this Court in accordance with the plea agreement, we find Appellant did not meet his burden. It was therefore appropriate to deny the defer-

---

[14] *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992).

[15] *See id.*

[16] *United States v. Brownd*, 6 M.J. 338, 340 (C.M.A. 1979).

[17] *Sloan*, 35 M.J. at 6.

[18] *United States v Phillips*, NMCCA 20040865, 2006 CCA LEXIS 61 at *28-9 (N-M. Ct. Crim. App. 16 March 2006) (unpublished).

ment request. Accordingly, we find that Appellant did not suffer any prejudice from the convening authority not articulating in writing the specific reasons for his denial.

### D. Deficient Entry of Judgment, Statement of Trial Results, and Confinement Order

The Entry of Judgment and Confinement Order failed to reflect the 91 days of pretrial confinement credit ordered by the military judge; both documents and the Statement of Trial Results also reflected improper amounts for both confinement and forfeitures. Although no error materially prejudicial to Appellant's substantial rights occurred, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[19]

## III. CONCLUSION

In accordance with RCM 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record. The Statement of Trial Results and the Confinement Order are ordered to be corrected in accordance with this opinion. At appellant's reduced grade of E-1 with over four months of service, forfeiture of two-thirds pay per month for a period of six months calculates in whole dollars to $1,120 pay per month for six months. Accordingly, the findings and only so much of the sentence as provides for reduction to E-1, forfeiture of $1,120 pay per month for six months, confinement for 180 days, and a bad-conduct discharge are affirmed. All rights, privileges, and property of which Appellant has been deprived by virtue of execution of forfeitures that have not been affirmed will be restored. We issue a corrected Entry of Judgment in accordance with Rule for Courts-Martial 1111(c)(2).

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence as modified are now correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[20] Accordingly, the findings and sentence in the EOJ as modified are **AFFIRMED**.

---

[19] *United States v. Crumpley,* 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

[20] UCMJ arts. 59, 66.



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 201900298 |
| **v.** | **ENTRY OF JUDGMENT** |
| **Maxwell E. URBONAS**<br>**Information Systems Technician**<br>**Third Class (E-4),**<br>**U.S. Navy**<br><br>*Accused* | *As Modified on Appeal*<br><br>**16 April 2021** |

On 16 August 2019, the Accused was tried at Joint Base Pearl Harbor-Hickam, Hawaii, by a special court-martial, consisting of a military judge sitting alone. Military Judge Wilbur Lee, presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Specification:** **Attempted Production of Child Pornography from on or about 22 March 2019 until on or about 25 March 2019.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Charge II:** **Violation of Article 82, Uniform Code of Military Justice, 10 U.S.C. § 882.**

> *Plea: Not* Guilty.
> *Finding:* Dismissed.

**Specification:**    **Solicitation of Forcible Pandering from on or about 22 March 2019 until on or about 25 March 2019.**

*Plea: Not* Guilty.

*Finding:* Dismissed.

**Charge III:**    **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification:**    **Communicating Indecent Language from on or about 22 March 2019 until on or about 24 March 2019.**

*Plea:* Guilty.

*Finding:* Guilty.

## SENTENCE

On 16 August 2019, the Accused was sentenced by a military judge. The Accused was adjudged the following sentence as modified by this Court:

**Reduction to pay grade E-1.**

**Confinement for 180 days.**

**Forfeiture of $1,120 pay per month for 6 months.**

**A bad-conduct discharge.**

The Accused has served 91 days of pretrial confinement and shall be credited with 91 days of confinement already served, to be deducted from the adjudged sentence to confinement.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court